UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

EASTERN DIVISION

Ceria Joyce, Personal Representative of the
Estate of Decedent, Imani Peterson,

Case No.
Judge:

Plaintiff,

v.

The City of Detroit, Detroit Police
Officer "A", Detroit Police Officer "B",
Jointly and severally

Defendants.
_____/

The Keel Law Firm, P.C.
Alvin L. Keel (P23104)
Attorneys for Plaintiff
20501 Livernois Ave. 211128
Detroit, MI 48226
313.965.4292
alkeel73@aol.com

RET LAW GROUP, PLLC
Walter L. Starghill, III (P85088)
26677 W. 12 Mile Road
Southfield, MI 48034
(248) 910-9576
walter@retlawgroup.com
_____/

There is another civil action between the parties or other parties arising out of the transaction or occurrence alleged in the complaint previously filed in this court, assigned case number 2:25-cv-10055 and was assigned to Judge Jonathan J.C. Grey

1

## Complaint and Jury Demand

**Now Comes** Plaintiff Ceria Joyce Personal Representative of the Estate of Imani Peterson, Decedent by and through her attorneys The Keel Law Firm, P.C. by Alvin L. Keel and RET Law Group, PLLC by Walter L. Starghill, III and for her cause of action states as follows:

## Jurisdiction and Venue

1. This cause of action is brought pursuant to the Constitution of the United States and the Civil Rights Act, 42 U.S.C. 1983, et seq. This action arises under the laws of the United States and jurisdiction is conferred on this court under 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1343 (civil rights). Supplemental jurisdiction of the court over claims arising under state law is invoked under 28 U.S.C. 1367 (supplemental jurisdiction).

2. Venue is proper in the United States District Court for the Eastern District of Michigan Southern Division under 28 U.S.C. 1391 (b). The parties reside or at the time of the events alleged herein occurred resided in this jurisdiction at district.

3. The amount in controversy exceeds the sum of $75,000.

## Parties

4. The deceased Imani Peterson was a resident of the County of Wayne, State of Michigan and the Eastern District of Michigan at the time of her death. Plaintiff Ceria Joyce was duly appointed and authorized to act in the capacity of Personal Representative of the Estate of Imani Peterson, Decedent by the Wayne County Probate Court on January 15, 2025, File Number 2024-900499-DE.

5. Defendant City of Detroit is a Municipal Corporation duly incorporated under the laws of the State of Michigan and is the employer and principal of defendant Detroit Police Officer "A" and Defendant, Detroit Police Officer "B" (Hereinafter referred to as Officer "A" and Officer "B") and is responsible for the policies, practices, customs, conduct, supervision, and training of the officers employed by the Detroit Police Department.

6. Detroit Police Officers "A" and "B" are law enforcement officers employed by the City of Detroit being sued in their individual and official capacities. The true names of Defendant Police Officers "A" and "B" are yet unknown to Plaintiff who will amend this complaint to reflect their actual identities once they become known. Upon information and belief and at all times relevant to this action Defendant Police Officers "A" and Defendant Police Officer "B" are City of Detroit police officers acting under the color of law committing wrongful acts within the course and scope of their employment with the City of Detroit as police officers. They are both sued individually in their official and individual capacities.

## Factual Allegations

7. Decedent, Imani Peterson a 19-year-old female, on June 1, 2024, was a guest at a social gathering being held at 16500 Trinity St. in the City of Detroit, which is a private residence. At approximately 1:42 AM and again at 1:43 AM telephone calls were made to 911 reporting hearing the sound of gunshots in the area of Florence St. and Burt Road in the City of Detroit. Defendant Police Officers "A" and "B" are two of the many police officers who responded to the 1:42 AM and 1:43 AM 911 calls of shots being fired.

8. On June 1, 2024, at approximately 1:45 AM Decedent, Imani Peterson along with numerous other party attendees were physically located in the rear yard of 16500 Trinity St. Detroit MI which is located at the corner of Trinity and Florence streets. The rear yard of the 16500 Trinity Street residence was dimly lit. The South side of the 16500 Trinity St. residence abuts Florence St. and the rear yard of the residence and is fenced in with chain link fencing. The north side of the rear yard is fenced in with wooden fencing with a wooden gate leading to the Trinity St. entrance of the rear yard. The South side of the fenced in rear yard has a gate allowing access to the rear yard from Florence St.

9. At approximately 1:49 AM Officer "A" who upon information and belief is a female officer, arrived at 16500 Trinity St. Officer "A" exited her vehicle with her weapon in her hand, proceeded across the front lawn of subject property toward the north side of the residence. Upon information and belief, Officer "A" was wearing her department issued body camera which was functioning and recording her activities. Officer "A" with her weapon in hand proceeded to the dimly lit rear yard which still contained numerous party attendees including Decedent Imani Peterson. As Officer "A" enters the rear yard from the north side of the residence, she begins to physically stumble and while falling to the ground Officer "A" recklessly with total disregard for the safety of the many party attendees discharged her weapon numerous times into the crowd of civilians striking decedent Imani Peterson, resulting in her death on June 15, 2024.

10. Simultaneosly at approximately 1:49 AM Officer "B" a male officer who upon information and belief arrived at 16500 Trinity St. exited his vehicle and proceeded to the South rear yard area of the residence with his weapon in his hand. Upon information and belief Officer "B"

4

was wearing his department issued body camera which was functioning and recording his activities. As Officer "B" began approaching the rear yard of 16500 Trinity St., he began discharging his weapon with reckless disregard for the safety of others into the dimly lit rear yard full of party goers, striking decedent Imani Peterson, resulting in her death on June 15, 2024.

11. Plaintiff's Decedent, Imani Peterson was unarmed and posed no threat to Officers "A "and "B". Decedent Imani Peterson was wrongfully and recklessly shot by Officer "A" and/ or Officer "B" whose actions were reckless callous and in total disregard for the personal safety of decedent, Imani Peterson. The reckless callous actions of Officer "A" and Officer "B" constitute an excessive use of force in violation of Decedent Imani Peterson's civil rights and her right to life as a 19-year-old young woman. As a direct and proximate result of Officer "A" and Officer "B" wrongful use of excessive deadly force on June 1, 2024, Plaintiff decedent Imani Peterson was struck by a bullet to her abdomen with complications, leading to her death from gunshot wounds on June 15, 2024. Prior to the death of Decedent Imani Peterson, she suffered countless hours and multiple days of conscious pain and suffering and the pain of numerous surgeries. The medical examiner determined Imani Peterson's death be a homicide. The killing of Plaintiff Decedent Imani Peterson by Officer "A" and/ or Officer "B" deprived decedent of her constitutional right to live in violation of 42 U.S.C. Section 1983.

## COUNT 1

### Excessive Force

### 42 U.S.C. 1983 Violation of Civil Rights

12. Plaintiff realleges and incorporates by reference herein paragraphs one through 11 above.

13. The aforementioned acts by Defendant Officer "A" and Defendant Officer "B" acting under color of state law with callous and or reckless disregard or with deliberate indifference to Plaintiff decedent's right to health, safety and right to live, deprived Decedent Imani Peterson of her life together with the following clearly established and well settled rights privileges and immunities under laws and Constitution of the United States:

    a. Freedom from the use of excessive and unreasonable force in violation of Plaintiff, decedent's constitutional rights

    b. Freedom from deprivation and the wrongful taking of decedent's life without due process of law and for no justifiable reason

    c. Equal protection of the laws and the rights, privileges and immunities of citizens of the United States and the State of Michigan and

    d. Otherwise violating the rights of Plaintiff's Decedent proximately causing her death

14. Defendants Officer "A" and Officer "B" subjected Plaintiff's decedent to these deprivations of rights, including loss of life by acting with callous and reckless disregard and with deliberate indifference as to whether plaintiff's decedents rights including the right to live would be violated by their actions.

15. As a direct and or proximate result of actions of Defendant Officer "A" and Officer "B" Plaintiff's Decedent Imani Peterson was shot and killed.

16. As a direct and or proximate result of Defendant Officer "A" and Officer "B's" actions Plaintiff's Decedent Imani Peterson was deprived of her life, rights, privileges and immunities under the United States Constitution, 42 U.S.C. Section 1983 and the laws and Constitution of the State of Michigan.

17. As a direct and or proximate result of Defendant Officer "A" and Officer "B's action and or omissions Plaintiff's Decedent suffered conscious pain and suffering, death, costs for funeral expenses and other costs to her estate.

**WHEREFORE** Plaintiff Ceria Joyce requests a judgment in her favor against all defendants on all counts in an amount consistent with the proofs at trial, including economic, non-economic and compensatory damages, punitive and exemplary damages together with interest cost and attorney fees

### COUNT II
### 42 U.S.C. 1983 Violations of Civil Rights
### Municipal Liability

18. Plaintiff realleges and incorporates by reference paragraphs one through 17 above.

19. Defendant City of Detroit at all times relevant to the cause of action set forth in this complaint had oversight responsibility over Defendant Officer "A" and Defendant officer "B".

Defendant City of Detroit is responsible for the training, instruction, supervision, and discipline over Officers "A" and "B" who shot and killed Plaintiff's decedent.

20. The City of Detroit has a policy, practice, procedure protocol and or custom that demonstrates deliberate indifference to the rights of Plaintiff's decedent and was the cause and moving force behind the reckless excessive use of force of the acts committed by Officer "A" and Officer "B" resulting in the death of Plaintiff's decedent.

21. The City of Detroit has a history of concealing unpleasant facts regarding its officers' use of excessive force, silencing and or failing to act on citizens' valid complaints about its officers' use of excessive force and routinely fails to adequately discipline its offending officers even when the City of Detroit has concluded that the officers violated its policies or procedures.

22. At all times pertinent herein the Defendant City of Detroit implemented unconstitutional customs and practices including but not limited to the following:

    a. Trained in encouraged its police officers to shoot to kill whenever the officer discharges his weapons without regard to the safety of bystanders

    b. Failed to adequately screen, hire, train and employ capable and professional officers

    c. Defendant City of Detroit knew or should have known of Defendant officers wild and reckless response to calls of gunshot being heard in the city neighborhoods and that the response of Defendant Officers would lead to the shooting death of bystanders

d. Failed to adequately supervise, monitor and train its officers including the officers involved in this exact matter, thereby failing to adequately discourage its officers from wildly and recklessly shooting onto a crowd of innocent bystanders and further failed in training its officers not to discharge a weapon into a crowd while falling down and being unable to see where the officer was discharging the weapon

e. Failure to implement appropriate in-service training or retraining officers who are known to recklessly discharge their weapons

f. Deliberately destroying and or failing to retain evidence regarding this incident such as police incident reports, information regarding the type of weapons and ammunition used by Defendant Officers

g. To do other customs and practices which are more specifically aligned in the foregoing sections of this complaint.

23. That the above referenced customs and practices implemented by Defendant City of Detroit proximately caused the death of Plaintiff's Decedent Imani Peterson depriving decedent of her life and her rights, privileges and immunity secured by the United States Constitution.

**WHEREFORE** Plaintiff Ceria Joyce requests a judgment in her favor against all defendants on all counts in an amount consistent with the proofs at trial including economic, non-economic, compensatory damages, punitive and exemplary damages together with interest costs and attorney fees.

## COUNT III

## Gross Negligence and Willful and Wanton Misconduct

24. Plaintiff realleges and incorporates by reference paragraphs one through 23 above.

25. At all relevant times Defendant Officer "A" and Officer "B" were acting in the course and scope of their employment with Defendant City of Detroit. Pursuant to MCL 691.1407 (2)(c) Defendant Officers "A" and "B" owed a statutory duty to Decedent Imani Peterson to refrain from conducting themselves in a grossly negligent manner so as to demonstrate a reckless disregard for Decedent's health, safety and a substantial lack of concern for whether serious injury or death would result.

26. Defendant Officers "A" and Officer "B" owed Plaintiff's Decedent the following duties and obligation among others:

   a. The duty not to discharge a deadly weapon into a crowd of innocent partygoers, firing multiple shots without regard for the health and safety of the innocent party attendees

   b. The duty not to discharge a deadly weapon into a crowd while simultaneously and uncontrollably falling to the ground while indiscriminately discharging a weapon

   c. The duty to use only such force as was necessary and reasonable under the circumstances.

  d. The duty to exhaust all reasonable alternatives before using deadly force including but not limited to requesting assistance or backup before utilizing deadly force

  e. The duty to exercise restraint in difficult situations and to analyze the situation and react in a professional manner employing restraint, tactics and strategies in use by law enforcement agencies when approaching a dimly lit rear yard full of partygoers with your deadly weapon drawn

  f. The duty to warn Plaintiff's Decedent of their intent to use deadly force before firing their weapon into a crowd

27. Defendant Officer "A" and Officer "B" breached the duties owed to the Plaintiff's Decedent and were grossly negligent as defined in MCL 691.1407 (2)(C) when Defendants with reckless abandonment discharged their deadly weapon into the crowd at the 16500 Trinity Street social gathering. Defendant Officers' actions demonstrated a total disregard for Plaintiffs' decedent's health, safety and right to live and further violated her constitutional and statutory rights. Defendant Officers' actions further demonstrated a complete lack of substantial concern as to whether the death of Decedent would result from the breach of their duties owed to Plaintiff's decedent in the following particular amongst others

  a. By discharging a deadly weapon into a crowd of innocent partygoers and firing multiple shots indiscriminately into the crowd without regard for the health and safety of the party attendees

b. Demonstrated reckless discharge for Decedent's human life, human rights and dignity by using unnecessary reckless excessive force and firing multiple rounds of bullets into the crowded rear yard of the residence where plaintiff decedents was located, striking her body causing her death.

c. Defendants were grossly negligent in violation and breach of all other duties owed to Plaintiff's Decedent set forth herein.

**WHEREFORE** Plaintiff, Ceria Joyce requests a judgment in her favor against all defendants on all counts in an amount consistent with the proof at trial including economic, noneconomic, compensatory damages punitive and exemplary damages together with interest costs and attorney fees.

### Damages

28. Plaintiff realleges and incorporates herein by reference paragraphs one through 27 above.

29. As a direct and or proximate result of Defendant Officer "A" and Officer "B's" action stated above Plaintiff's Decedent Imani Peterson suffered the loss of her life.

29. As a direct and or approximate result defendants' actions and or omissions stated above Plaintiff's, Decedent Imani Peterson experienced conscious pain and suffering from being shot on June 1, 2024, until her death on June 15, 2024

30. The acts and conduct of Defendants as alleged constitute violations of the common and or statutory laws of the State of Michigan, the United States Constitution and 42 U.S.C. 1983.

**WHEREFORE** Plaintiff Ceria Joyce, Personal Representative of the Estate of Imani Peterson, Decedent request that this court entered judgment in favor of the Estate of Imani Peterson against all defendants jointly and severally on all counts in the amount of Twenty Five Million ($25,000,000.00) Dollars for economic, non-economic, compensatory damages, punitive and exemplary damages suffered by Decedent but not limited to medical expenses, loss wages, loss of earning capacity, physical and mental pain and suffering endured by Decedent from being wrongfully shot on June 1, 2024 until her death on June 15, 2025. Plaintiff also requests interest costs and attorney fees and other equitable relief that is reasonable and just.

Respectfully Submitted,

By: /s/Alvin L. Keel
ALVIN L. KEEL (P23104)
The Keel Law Firm P.C.
20501 Livernois Ave. 211128
Detroit, MI 48221
(313) 965-4292
alkeel73@aol.com

/s/Walter L. Starghill, III
WALTER L. STARGHILL III (P85088)
26677 W. 12 Mile Road
Southfield, MI 48034
(248) 910-9576
walter@retlawgroup.com

Dated: June 2, 2025

13

## JURY DEMAND

**NOW COMES** Plaintiff, Ceria Joyce, Personal Representative of the Estate of Imani Peterson, Decedent., by and through her attorneys The Keel Law Firm, P.C. by Alvin L. Keel and RET Law Group, PLLC by Walter Lee Starghill III and hereby demands a trial by jury.

Respectfully submitted,

By: /s/Alvin L. Keel
ALVIN L. KEEL (P23104)
THE KEEL LAW FIRM, P.C.
Attorney for Plaintiff
20501 Livernois Ave. 211128
Detroit, Michigan 48221
(313) 965-4292
alkeel73@aol.com